HOUGHTALING & CO. v. HILLS ET AL.

1. **Sale**: RESCISSION FOR FRAUD: RECOVERY OF GOODS. In an action to avoid a contract for the sale of goods and to recover the possession of the goods, it is not enough to allege that the defendant, when he purchased the goods, knew that he was hopelessly insolvent and unable to pay for the goods for which he was already indebted, and that plaintiff was wholly ignorant of his insolvency. It is necessary in such a case to allege that the purchase was made with the intent to take advantage of the insolvency and not to pay for the goods:—following *Oswego Starch Factory v. Lendrum*, 57 Iowa, 573.

2. **Pleading**: PETITION IN REPLEVIN: ALL CONSTRUED TOGETHER. All the allegations of a petition must be considered together, and if, when so considered, it appears that a good cause of action is not presented, a demurrer will lie.

*Appeal from Wapello District Court.*

WEDNESDAY, SEPTEMBER 20.

THIS is an action of replevin by which the plaintiffs seek to recover of the defendants certain packages of tea. There was a demurrer to the petition, which was sustained, and plaintiffs appeal. The facts appear in the opinion.

*Moore & Hammond,* for appellants.

*Wm. McNett,* for appellees.

ROTHROCK, J.—It is stated in the petition in substance that plaintiffs are importers and jobbers in teas, and that their place of business is in the city of New York, and that they are the absolute owners of certain described teas of which the defendants have possession, and which they wrongfully detain, and that said teas were neither taken on the order or judgment of a court against the plaintiffs or either of them. The petition then proceeds to state the facts as to the defendants' possession as follows:

"That the alleged cause of detention, according to the best

belief of plaintiffs, is a certain pretended fraudulent purchase of said teas by said Hills from the plaintiffs, which the plaintiffs aver and charge by reason whereof no property in said teas passed from said plaintiffs to said Hills; that said pretended purchase by said Hills was, and is, fraudulent in this, that at the time said Hills pretended he purchased said teas of plaintiff, he was hopelessly insolvent and unable to pay for the goods he already owed for, which he well knew; that he also well knew that plaintiffs and their agent, through whom they sold the goods to him, were in total ignorance of his insolvent condition financially; that said Hills also knew that if plaintiffs or their agent had known of his said insolvent condition they would not have sold or offered to sell said teas to him; that said defendants, J. H. Merrill & Co., also knew of said Hills' insolvent condition, and they also had full notice and knowledge of the fraud said Hills had practiced on said plaintiffs, but notwithstanding said notice and knowledge, and for the purpose of aiding and abetting him therein, and for the purpose and with the intent of profiting by said fraud, it was agreed by and between them and said Hills, that he should give them a mortgage on all his property, not exempt from execution; that on or about the 23d day of March, 1881, said teas came into the possession of said Hills, and while the packages were unbroken (said Hills having no use or need for said goods), said agreement was perfected, to-wit: on the 29th of March, 1881, six days after said Hills got possession thereof, by said Hills executing a mortgage to said Merrill & Co. as aforesaid, and now said Merrill & Co. and said Hills claim the possession of said teas from the plaintiffs under said fraudulent mortgage; that plaintiffs have sustained damages thereby in the sum of ten dollars."

The demurrer to the petition is in these words:

"1.  The petition admits the sale and delivery of the goods to Hills, and fails to allege any facts which in law constitute the said sale fraudulent or voidable.

"2. The failure of Hills to disclose his insolvency is not in law sufficient to defeat his title, nor was it fraudulent, nor is the fact that plaintiffs would not have sold him the teas, if they had been so informed, sufficient to defeat Hills' title.

"3. The knowledge of J. H. Merrill & Co., of Hills' insolvency when they took the mortgage, nor their knowledge that Hills had not informed plaintiffs thereof, would not avoid the mortgage nor constitute fraud. They therefore ask judgment on this their demurrer."

It appears from the averments of the petition that the plaintiffs "sold the goods" to Hills through an agent of plaint-

1. SALE: rescission for fraud: recovery of goods.

iffs and that full delivery of the possession of the property was made to him. It is claimed, however, that Hills made the purchase fraudulently, because he was hopelessly insolvent and unable to pay for the goods for which he was already indebted, which he well knew, and that he knew that the plaintiffs and their agents were in total ignorance of his insolvent condition, and knew that if the plaintiffs or their agent knew of his insolvency they would not have sold, or offered to sell, said teas to him. It will be observed that the petition does not charge that Hills purchased the goods with the specific intent not to pay for them. It is making a purchase with intent to take advantage of the insolvency and not pay for the goods purchased that avoids the sale, and enables the seller to replevin the goods. Cooley on Torts, 478. In the case of the *Oswego Starch Factory v. Lendrum*, 57 Iowa, 573, we held that when goods were purchased by an insolvent with intent not to pay for them, the seller might rescind the contract of sale and recover the goods. That case was ably and exhaustively argued, and received our most careful consideration, and it will be seen from the opinion that it was not claimed that anything short of a specific intention on the part of the purchaser not to pay for the goods would authorize a rescission of the contract of sale, and a recovery of the goods.

It is claimed by counsel for appellants that the demurrer

should have been overruled because the petition was sufficient **2. PLEADING:** without the allegations attacked by the demurrer. **all construed together.** It is true the petition follows the statute and alleges that the plaintiffs are the absolute owners of the property and entitled to the possession thereof, and the defendants wrongfully detain the same. But the statute also requires that the plaintiff shall state the facts constituting the alleged cause of detention. In doing this plaintiffs disclose that there was a sale and delivery of the goods, and claim that the sale was fraudulent and should be held to be no sale. They say in argument "that no contract ever existed, that no property ever passed between the parties." But the petition does aver that a contract of sale was made and the goods delivered, and it is sought to avoid the contract on the ground of fraud. In pleading these grounds of fraud the petition shows that the acts of Hills were not such as to authorize the rescission of the contract. Taking all the allegations of the petition together we have no doubt as to the correctness of the ruling of the court in sustaining the demurrer.

.                                              AFFIRMED.