## REID, MURDOCK & FISHER v. COWDUROY *et al.*

79 169
97 730
79 169
105 413
79 169
111 338
111 339
79 169
137 305

**Sales:** FRAUD : RESCISSION : INSTRUCTION. Where the supposed solvency of the purchaser of goods on credit is a material inducement to the sale thereof, and the purchaser makes false and fraudulent representations in regard to it, upon which the vendor, not knowing the truth, relies, in effecting the sale, it may be rescinded by the vendor as fraudulent, and the goods recovered back. An instruction in this case, to the effect that the vendor must also prove that the purchaser did not intend to pay for the goods when he bought them, is *held* to be erroneous. (See opinion for citations.)

*Appeal from Montgomery District Court.*—HON. A. B THORNELL, Judge.

FILED, JANUARY 29, 1890.

ACTION to recover the possession of specific personal property. There was a trial by jury, and a verdict and judgment for defendants. Plaintiffs appeal.

*C. E. Richards, T. J. Hysham* and *Smith, Harl & McCabe,* for appellants.

*J. M. Junkin* and *S. McPherson,* for appellees.

ROBINSON, J.—Defendant H. W. Cowduroy was engaged in the grocery business at Red Oak from August, 1887, to the fifteenth day of October, 1888. During that time he purchased goods of plaintiff. On the twenty-first day of August, the twenty-ninth day of September, and the sixth day of October, 1888, the plaintiffs shipped from Chicago to H. W. Cowduroy, at Red Oak, on his order, the property in controversy, consisting of merchandise of the value of $371.73. The property was received and placed in stock, but the purchase price is unpaid. On the fifteenth day of October, 1888, H. W. Cowduroy executed to his father-in-law, the defendant L. Kirscht, a chattel mortgage on his stock of goods and other property, to secure notes amounting in the aggregate to fifty-three hundred and fifty dollars, besides interest. On the same day he executed a mortgage to the Fabyon Knife Company for a consideration of $237.62, and also a third mortgage, which covered his stock in trade and other property, to his father, the defendant William Cowduroy, to secure the payment of two promissory notes which amounted to two thousand dollars besides interest. A mortgage on real estate was also executed in favor of the father at the same time, apparently to secure the same indebtedness. This action was commenced on the seventeenth day of October, 1888, to recover the goods in controversy, on the ground that they were obtained by H. W. Cowduroy through his false and fraudulent representations, made with intent to defraud the plaintiffs. They claim that when the

goods were ordered, shipped and received by H. W. Cowduroy he was, and for a long time had been, insolvent, and was unable to pay for the goods; that he knew that fact when he ordered and received the goods; that he ordered them with the intent not to pay for them, but to defraud the plaintiffs; that he concealed his insolvency and inability to pay for the goods, and his intent to defraud; that they sold and shipped the goods relying on his solvency and good faith, and not knowing of his insolvency nor of his fraudulent intent; that before bringing this suit they rescinded their contract of sale in consequence of the facts aforesaid, and are now the owners of the goods.  It is conceded by appellees that the mortgages to Kirscht and William Cowduroy were given for antecedent debts, and that the mortgagees were not purchasers for value, without notice, but that they took only the title which the mortgagor had to give, and that, if plaintiffs are entitled to recover as against him, they are also entitled to recover as to the mortgagees.

I.   The seventh paragraph of the charge to the jury is as follows:  " Where the buyer of goods, at the time of or before the purchase, for the purpose of inducing the seller to part with his goods on credit, makes a material representation to the seller as to his financial condition, which representation is in fact false, and known by the buyer to be false when made, and which the seller relies upon in making the sale, and it is also shown that the buyer at the time intended by the representations to defraud the seller by not paying for the goods, such transaction would be fraudulent on the part of the buyer, and the seller could rescind the contract, and recover back the goods."  The same rule was substantially given in other portions of the charge, so framed as to meet the facts of the case.  Appellants complain of the charge on the ground that, to recover, they were required to show, not only that the buyer made false and fraudulent representations as to his solvency, upon which plaintiffs relied, but also that he did not intend to pay for the goods when he ordered them.  The

insolvency of the buyer when the goods were ordered does not seem to be seriously questioned. There can be no doubt that the burden imposed by the charge of the court is as claimed by the appellants, and we are required to determine whether a correct rule of law was announced. As a general rule, fraud in the sale of personal property entitles the party injured thereby to rescind the contract of sale. Story, Sales, secs. 379, 420, 445a; 1 Benj. Sales, sec. 636. It is contended by appellees that the charge is supported by the opinion in *Houghtaling v. Hills*, 59 Iowa, 287. In that case the petition alleged that the buyer was hopelessly insolvent when he purchased the goods, and unable to pay for them; that he knew that fact; that he knew the sellers did not know it, and that they would not have made the sale, had they been aware of it. But it was not alleged that the sellers were misled or deceived by any act or representation of the buyer. The question really involved in the case was whether the failure of the buyer to disclose his real financial condition was a fraud upon the seller; and the effect of the opinion is to hold that it was not, and that, inasmuch as the petition did not show that the goods were purchased with the specific intent not to pay for them, it did not state a cause of action. It did not decide that false and fraudulent representations as to solvency made on the part of the buyer, and relied upon by the seller, would not be sufficient ground to authorize the rescinding of the sale. Mere silence, where the person is under no obligation to speak, is not a legal fraud. 1 Benj. Sales, sec 640; Story, Sales, sec. 174. The cases of *Talcott v. Henderson*, 31 Ohio St. 162; *Nichols v. Pinner*, 18 N. Y. 297; and *Garbutt v. Bank*, 22 Wis. 390, are in point. But where goods are sold there is a promise expressed or implied on the part of the buyer to pay for them; and the seller has a right to rely upon the presumption that the buyer intends to perform his obligations by making payment. Therefore, if the latter entertains a secret intent to not make payment, that intent, and his failure to

disclose it, constitute such a fraud as will entitle the seller to rescind the sale. *Oswego Starch Factory v. Lendrum*, 57 Iowa, 581; *Lindauer v. Hay*, 61 Iowa, 665; *Nichols v. Michael*, 23 N. Y. 266; *Hennequin v. Naylor*, 24 N. Y. 140; *Dow v. Sanborn*, 3 Allen, 182; *Belding v. Frankland*, 8 Lea, 67. See, also, *Lee v. Simmons*, 65 Wis. 526, 27 N. W. Rep. 174; *Donaldson v. Farwell*, 93 U. S. 631. The supposed solvency of the purchaser is usually a material inducement to the sale of goods; and where it is, and the purchaser makes false and fraudulent representations in regard to it, upon which the vendor, not knowing the truth, relies, in effecting the sale, it may be rescinded by the vendor as fraudulent. The charge of the court under consideration was erroneous in requiring plaintiffs to prove two material facts, when proof of one was sufficient to enable them to recover. There was evidence which tended to show that H. W. Cowduroy was insolvent when he ordered the goods; that he must have known that fact, and that he would be unable to pay for them; and also that he made false representations in regard to his assets and liabilities, for the purpose of obtaining credit, which were relied upon by plaintiffs in making the sales; and that they were made to a commercial agency, which was engaged in the business of furnishing to plaintiffs and others information in regard to the financial standing of business men throughout the country. The charge may therefore have been prejudicial.

II. Appellants complain of the refusal of the district court to give an instruction to the jury which was asked by them. There was no error in the refusal. The instruction was based in part upon assumed facts, of which there was no evidence, and omitted an essential element in reciting facts which would constitute fraud sufficient to authorize the rescission of the sale.

III. Other questions are discussed by counsel, but, as they are not likely to arise on another trial, need not be determined. For the errors specified, the judgment of the district court is             REVERSED.