MORRIS & LEWIS, Appellants, v. RACHEL POSNER, CITIZENS NATIONAL BANK, SOL CHAPMAN, JULIUS FREIBURG, O. H. DAVIDSON, S. B. GOLDBERG, JOSEPH HYMAN, H. A. POSNER, HENRIETTA PREDIMUS AND R. LEFLER.

**Fraudulent Representations:** RESCISION OF SALE. Where the buyer of goods, in making a statement of his assets and liabilities, falsely stated the amount of his liabilities to be less than they actually were, knowing that the seller had requested such statement as a basis for determining as to his credit, the seller, if he relied on the statement, on discovering such falsity, may rescind the sale, and recover the goods, though the buyer intended to pay for the goods, and did not intend to defraud the seller thereof.

REPRESENTATION BY AGENT. The husband who managed a business belonging to his wife, and who bought and sold goods and purchased goods on her credit, has implied authority to make representations as to her financial condition.

AUTHORITY TO WRITE LETTER: *Effect on principal.* Where a person procures another to write a letter for him, he is presumed to know the contents, and is bound thereby, whether he did or not, when the one to whom it was sent has acted on it.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY, MAY 11, 1900.

ACTION of replevin to recover goods sold under false representation of the purchaser. There was a trial to the court, and judgment for the defendants. Plaintiffs appeal. —*Reversed.*

*F. S. Dunshee* for appellants.

*Read & Read* for appellees.

SHERWIN, J.—The plaintiffs are merchants in the city of Philadelphia. During the year 1897, the defendant Rachel Posner was engaged in the merchant tailoring business in Des Moines, Iowa, her business being managed by her husband, Jacob Posner, since deceased. During the summer of that year the plaintiff's traveling salesman took an order from the defendant Rachel Posner, through her husband, for about one thousand dollars worth of goods, for delivery in the fall. This order was sent to the plaintiffs, and they, on the twenty-eighth of July, wrote Mrs. Posner for a statement of her assets and liabilities, writing, in substance, that they required such statement before shipping the order. This request was complied with in the following letter: "Des Moines, Iowa, Aug. 2, 1897. Morris & Lewis, Philadelphia—Dear Sirs: Your favor of the 28th to hand, and we accept your right to demand a statement, which I herewith submit: Stock and bills receivable, including good book accounts, etc., $12,000; real estate, including home, $18,000, $30,000. Liabilities: Owe bank, $1,500; mortgages, $2,500; Eastern accounts due or settled by notes, $1,000; Eastern accounts not due, and other liabilities, $3,000,—total, $8,000. Yours, respectfully, Rachel Posner." This statement was not satisfactory to the plaintiffs, and they wrote Mrs. Posner under date of August 5th, asking some explanations, and for a list of her eastern creditors, and the amount due each. Upon receipt of this letter she telegraphed plaintiffs, requesting

that the order given them be canceled.  They then wrote her August 9th, stating that they thought she was not treating them fairly, and that they were entitled to the information asked, as they were exercising greater caution than formerly in extending credit, and calling her attention to the fact that she was already owing them an overdue account, which they had extended, and taken notes for.  Mrs. Posner answered this letter August 24th, making the explanation asked in plaintiff's letter of August 5th, withdrawing the cancellation of the order, reducing it somewhat, and requesting shipment thereof.  In answer to this letter the plaintiffs again asked for a list of eastern creditors and the amount due them, which was sent, and the goods were in due time shipped.  The husband and manager of the business, Jacob Posner, died before shipment was made.  November 17, 1897, chattel mortgages were given on the entire stock, including what was left of the goods shipped by plaintiffs in September.  November 19, 1897, this action was begun to recover possession of the goods so shipped, on the ground that they were obtained by fraud and false pretenses.  It is conceded by the defendants that, at the time the property statement was made to the plaintiffs, Rachel Posner owed a much larger sum of money than therein stated.  It is conceded by the plaintiffs "that Mr. Jacob Posner, as manager of the business," at that time "expected to be able to continue the business indefinitely, and, if he had not died, probably would have been able to continue the business, meeting his obligations, for some years."  The record before us conclusively shows that the goods would not have been sent to Mrs. Posner but for the financial showing made by her husband, as her agent, in response to the plaintiffs' request therefor; and the controlling question is whether the false statement as to such financial condition, unaccompanied by an intent to defraud the plaintiffs out of their property, is sufficient to entitle the plaintiffs to rescind the sale, and recover back their

goods. When the plaintiffs were insisting upon detailed information as to the assets and liabilities of Mrs. Posner, her manager knew beyond question the purpose of such request. He knew that it was information which was to determine whether credit should or should not be extended to her. He knew that the object of the plaintiff's inquiry was to ascertain the financial condition of Mrs. Posner, and her ability to pay her debts. No other conclusion could be drawn from the persistent repetition of the request. He knew that the statements sent to the plaintiffs did not show her actual indebtedness within five or six thousand dollars, and the conclusion is irresistible that the false statement made as to her liabilities was made for the purpose of obtaining credit from these plaintiffs. The law itself presumes that he intended his statement to be relied upon, and it was relied upon, and Mrs. Posner was notified by letter before the goods were shipped that the order would be filled on the strength thereof. What additional element is necessary to authorize a rescission of this sale on the ground of fraud? The defendants contend that, because an intent to cheat is not proven, no rescission of the sale can be made. It has been held by this court that "where the supposed solvency of the debtor is a material inducement to the sale of goods, and the purchaser makes false and fraudulent representations in regard to it, * * * which are relied upon, the sale may be rescinded." *Reid v. Cowduroy,* 79 Iowa, 169. It may be questioned in this case whether Mrs. Posner was at the time insolvent. She had not declared herself so, nor had it been judicially determined that she was; but this, we think, is not controlling. Her business may have been on the verge of collapse for some time, and still she may have deemed herself solvent; while from the same state of facts the plaintiffs may have considered her practically insolvent. When asked to extend credit to her, they were entitled to know her exact financial condition for the purpose of determining for themselves this very question. Her

information to them was intentionally false, and by reason thereof they were induced to part with their property. Her act was, therefore, fraudulent, and the plaintiffs, upon discovery of the fraud, could rescind the sale. *Reid v. Cowduroy, supra; Hubbard v. Weare,* 79 Iowa, 678; *McKown v. Ferguson,* 47 Iowa, 636; *Field v. Morse,* 54 Neb. 789 (75 N. W. Rep. 58); *Newell v. Randall,* 32 Minn. 171 (19 N. W. Rep. 972); *Cain v. Dickenson,* 60. N. H. 371; *Judd v. Weber,* 55 Conn. 267 (11 Atl. Rep. 40). Jacob Posner, as we have seen, was the manager of his wife's business. He bought and sold her goods. It is shown that a large part of the purchases were made on credit. He had implied, if not direct, authority to make necessary representations as to her financial condition. Mechem Agency, section 369; Story Agency, sections 60, 85. In addition to this, the record fairly shows that Mrs. Posner knew of the statement to plaintiffs long before the goods were shipped. It is also said that Mr. Posner caused the statement to be written for him by another. If true, the law presumes that he knew its contents, and he would be bound by it whether de did or not, if the plaintiffs, without fault, acted upon it. The district court erred as to the law ruling this case, and the case is therefore REVERSED.