GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY
COMPANY v. JOHN T. PARR.

No. 671.

1. **Value of Crop Destroyed—How Proved.**—A witness giving his estimate of the value of a crop destroyed by overflow, is not prohibited from stating, in detail, cost of planting, cultivation, harvesting, and putting crop on the market, and its probable yield and value when placed on the market.

2. **Recovery when Two Crops Destroyed During Same Year.**—Two members of the court are of opinion, that when two or more crops on the same land are destroyed during the same year that recovery may be had for the value of both, although during the same year plaintiff had grown and gathered a crop from the same land.

3. **Harmless Error in Admission of Evidence.**—When the value of several successive crops grown on the land during the same year was $675 (three crops being destroyed in 1889 and two in 1890), and the verdict was for $250, the judgment being for less than under the pleading the plaintiff was entitled to recover, the admission of evidence of the value of each crop destroyed, at the date of its destruction, if error at all, was harmless error.

4. **Charge on Construction of Railway Held Not Misleading.**—Plaintiff alleged that defendant had so constructed its road as to divert the water from its natural flow and cause it to flow on plaintiff's land. A charge, that every railway company must construct necessary culverts or sluices as the natural lay of the land requires for necessary drainage thereof, was not a charge so misleading or prejudicial to the defendant as to require a reversal of the case.

5. **When Charges Should be Asked.**—If a charge on the subject of overflow be given which, in the opinion of the defendant, announces an incorrect rule of law, or is in his opinion not applicable to the facts, the attention of the trial court should be called to it by a charge asked by defendant.

6. **Purchaser of Land After Road is Built.**—The fact that the plaintiff purchased the land upon which the crops were grown that were destroyed, after the railway and its ditches and culverts had been constructed, will not defeat his suit for damages caused by an overflow, the result of the want of proper drainage.

APPEAL from Fayette. Tried below before Hon. H. TEICHMULLER.

*Brown, Lane & Jackson,* for appellant.—1. The measure of damages for the destruction of growing crops by overflow is the value of such crops when destroyed, and not the price of replanting and reducing the land to a state of cultivation after such overflow. Nor does proof that plaintiff reduced his land to a state of cultivation and replanted several times during the year afford any standard by which to measure the value of the crop destroyed.

2. When but one crop of the sort destroyed can be matured during a given year, it is error to admit evidence showing the expense of producing and the value when harvested of three several crops planted during the year. Railway v. Joachimi, 58 Texas, 460; Railway v. Bayliss, 62 Texas, 572; Railway v. Becht, 21 S. W. Rep., 971; Express Co. v. Lasker R. E. Co., 16 S. W. Rep., 793; Shearm. & Redf. on Neg., 602.

3. The court below erred in that portion of the third paragraph of its charge which reads as follows: "If you find that the land in question was subject to overflow of surface water, and crops raised thereon were liable to be injured thereby, and if you further find that the defendant did, by reason of the construction of its roadbed and insufficient culverts and sluices, increase the exposure of the land to overflows and the resulting injuries to plaintiff's crops, the plaintiff is entitled to recover for any increased injuries to his crops shown by the evidence;" for the reason, that said charge does not announce a proper rule of law, and was inapplicable to the facts developed in this case. Love v. Wyatt, 19 Texas, 315, 316; Railway v. LeGierse, 51 Texas, 203, 204; Railway v. Joachimi, 58 Texas, 461; Railway v. Schofield, 72 Texas, 498; Field on Dam., sec. 742.

4. When a party seeks to recover the full value of a crop destroyed, based on proof of its probable yield, the defendant is entitled to the value of any crop actually raised on the overflowed premises, as a credit against such recovery. Railway v. Pape, 73 Texas, 501; Rev. Stats., art. 1317; Railway v. LeGierse, 51 Texas, 203, 204; Railway v. Nixon, 52 Texas, 25.

5. When injury results to a land owner by the construction of a permanent work, such as a railroad grade and embankment, and the railroad company is unable to alter the conditions without impairing the usefulness of its property or trespassing upon the property of another, the land owner must recover, if at all, for such injury as a permanent damage to the freehold, and can not recover for crops destroyed by recurring overflows. Rosenthal v. Railway, 79 Texas, 328; Pierce on Rys., 230; Wood on Nuisances, sec. 856; 1 W. & W. C. C., sec. 561.

No brief for appellee has reached the Reporter.

PLEASANTS, ASSOCIATE JUSTICE.—The appellee, on the 10th day of April, 1893, instituted suit in the District Court of Fayette County, against the appellant, for the recovery of damages for injuries to plaintiff's land, the destruction of growing crops of corn and cotton upon said lands; also for extra labor imposed upon plaintiff in the preparation of his land and the planting of his crops, resulting from overflow of said land in the years 1889 and 1890, and which overflows were caused, as alleged by the plaintiff, by the negligence of the defendant in the faulty construction of its road through plaintiff's farm; the alleged fault, or defect, in the construction of the road and in the ditches and sluices incident thereto, consisting in directing water from its natural flow, upon and across plaintiff's land. The petition alleged injury to about forty acres of the land, from overflow thereof, caused by the diverting of waters as aforesaid, on the 15th of April, 1889; and it also averred the destruction from overflows, resulting from same cause, of said forty acres of land, three crops of growing corn and cotton on the land, in the year 1889, of the aggregate value of $600, and two crops of growing corn and one crop of growing cotton in the year 1890, of the aggregate value of $275. The plaintiff further alleged, that by reason of said overflow in said years he was hindered and delayed in the cultivation of his land, and by the hardness of the land after the waters retired from its surface, he was compelled to perform much labor in preparing the land for planting, which he would not have performed but for said overflows; and that said extra labor, and the hindrances and delays aforesaid in the cultivation of plaintiff's land, damaged him in the sum of $600; for all of which sums judgment was prayed.

The defendant answered by general demurrer, general denial, and statute of limitations of two years. Upon trial of the cause, the court instructed the jury, that as plaintiff had sold his farm before the insti-

tution of the suit, he could not recover for any injury which may have been done to the land itself through negligence of the defendant, and verdict and judgment were rendered for plaintiff for $250; and a new trial having been refused defendant, it appealed to this court.   Our conclusions upon the facts are:

1.   That while the evidence is conflicting upon the issue of negligence by defendant in the construction of its road, the evidence is amply sufficient to sustain the finding of the affirmative of that issue by the jury.

2.   That plaintiff, in the year 1889, and subsequent to April 15th of that year, lost from overflow of forty acres of his land, two crops of growing corn and two of growing cotton; and that in the year 1890, plaintiff lost upon same land from overflow, two crops of growing corn and one crop of growing cotton,· and that the aggregate value of said crops, the value of each being estimated at the time of its destruction, was $675.

3.   That the several overflows which destroyed said crops were caused by the negligent construction of defendant's road.

4.   That after the destruction of said crops, the plaintiff planted said land in corn and cotton, both in the years 1889 and 1890, and that in each of said years the crops so planted matured, and were harvested by plaintiff.

5.   That by said overflows, plaintiff was hindered and delayed in planting and cultivating his farm, and that his land was sogged and baked by reason of the overflows, and thereby rendered more difficult to plow and cultivate, and by reason of all which, extra labor was imposed upon plaintiff.

Upon these conclusions of facts, we are unanimously agreed that the judgment should be affirmed.

The first assignment of error is as follows:   "The court erred in admitting the testimony complained of in its bill of exceptions number 1, for the reason that the manner adopted by said testimony to prove up the value of the crops at the time they were alleged to have been destroyed, in plaintiff's petition, was not the proper manner of proving the same, and was misleading to the jury; and for the further reason, that under such testimony the jury was authorized to find the value of three different crops for 1889 and two for 1890, alleged to have been destroyed upon the same ground, and thus greatly increasing any reasonable damage that could have been sustained by the plaintiff by reason of the wrongs alleged."

We do not understand that a witness called on to testify as to the value of a growing crop, who gives his estimate of the value of the crop at the time of its destruction, is prohibited from stating, in detail, cost of planting, cultivating, harvesting, and putting the crop upon the market, and its probable yield and its value when placed upon the market; and as we understand his testimony, this is just what was done by the plaintiff.   We think the evidence was legitimate.   As to

the other objection to the plaintiff's testimony presented in this assignment, two members of the court are of the opinion that a rendering may be had for the destruction of any number of growing crops of corn or cotton caused by overflows resulting from the negligence of a railway company in the construction of its road, notwithstanding the fact that in the same year in which such destruction occurs, and subsequent thereto, there is grown and gathered a crop on the same land; and that the measure of damages for the loss of each crop is its value at the time of its destruction, regardless of the value of the crop raised and gathered upon the land. While the third member of the court does not assent to this proposition, believing that the measure of damages in such case is not the value of the crop destroyed, yet he thinks the evidence was harmless, as from the facts of the case, and the pleadings of the plaintiff, the verdict and judgment is for less than the plaintiff was entitled to recover, had a proper rule for measuring the damages been given to the jury.

. The second assignment of error is as follows: "The court erred in the first paragraph of its charge to the jury, which is as follows, to wit: 'It is the duty of every railroad company, in the construction of its roadbed, to so construct necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof. A railroad failing to comply with this requirement, and thereby occasioning overflows over the land adjacent, is responsible to the owners thereof for every injury that may be done thereby from time to time to their crops;' for the reason, (1) that said paragraph was not applicable to the facts in this case, and was calculated to and did mislead the jury to the prejudice of the defendant; (2) because it instructs the jury, that in constructing a roadbed the defendant was required to construct necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof, when the law is, that the railroad shall so construct its roadbed as to permit the waters to flow as they formerly did, and so as not to injure the land owner."

While the plaintiff does not allege that there was a failure on the part of the defendant to construct necessary sluices or culverts for the drainage of plaintiff's land, the petition does allege, that defendant had so constructed its road as to divert the water from its natural flow, and cause it to flow upon plaintiff's land. We think the error of the charge, if it be erroneous, is not one which should authorize a reversal of the case.

The defect complained of in the charge, under the third assignment of error, is clearly such, we think, as should have been called to the attention of the court, and an appropriate charge for curing the defect requested by the defendant; and not having done this, the defendant can not now be heard to complain.

The fourth and fifth assignments will not be discussed, as the points presented in them have been considered in discussing the first and third assignments of error. From our view of the case, as indi-

cated in our conclusion upon the facts, and from what we have said in discussing the third assignment of error, the fifth, sixth, and seventh assignments need not be noticed. The eighth error assigned is the refusal of the court to instruct the jury as requested by defendant, as follows: "In this cause, at the request of defendant, you are charged, that if you find from the evidence that plaintiff acquired title to the tract of land in question on the 17th day of July, 1888, and on said date the railroad of the defendant was then constructed, with its ditches, culverts, etc., as they have existed since that time, and that since he acquired such title no changes have been made in same by the defendant, to plaintiff's injury, you will find for the defendant, that plaintiff recover nothing."

We have considered this assignment, and we can not give our assent to the propositions submitted thereunder. They are not in accordance with the law as expounded in this State, and the court correctly refused the requested charge.

If a railway undertakes to change the flowing of surface water, it must see to it that damage does not result to the land owner. If surface water is collected into artificial channels, and thereby in increased quantities thrown upon the land of another, the person who causes this to be done will be liable for such injury as results therefrom. Railway v. Helsley, 62 Texas, 595. We are unable to see why the plaintiff should be denied the right to recover for injuries sustained by him through the negligence of the railway in the construction of its road, because the road was constructed before the plaintiff acquired title to the land. The railway company, for such negligence as is complained of by the plaintiff, is liable for every injury to the land owner sustained by him subsequent to the construction of the road, and of which such negligence is the approximate cause. The judgment is affirmed.

*Affirmed.*

Delivered October 25, 1894.