JOHN V. FARWELL COMPANY, Respondent, *v.* BOYCE
ET AL., Appellants.

[Submitted October 21, 1895.   Decided November 4, 1895.]

Replevin—*Commercial reports—False Representations.*—A judgment in replevin for the
vendor of goods against the vendee, a mercantile firm, who, as alleged, had obtained
the same by fraudulent representations as to credit and financial standing, and a bank
which had attached the goods, and the sheriff, is supported by evidence that the de-
fendant vendee had, for the purpose of forming a basis for credit, made statements
to commercial agencies, but had omitted to mention a note of $60,000 owing to the de-
fendant bank, and in a letter to the plaintiff had referred plaintiff to the reports of
the commercial agencies and said that they were correct, which statements were re-
lied upon by the plaintiff in selling goods,—and on the trial gave as a reason for not re-
porting the $60,000 note, that it represented an interest which the president of the de-
fendant bank had as a partner in the business and which he was to protect.

Same—*Same—Evidence.*—In replevin to recover goods alleged to have been obtained by
fraudulent representation as to credit, commercial reports of a remote date are ad-
missible for the purpose of showing that an indebtedness of $60,000 had always been
omitted from defendant's statements, in connection with evidence that in later re-
ports defendant had stated that there was no change in the financial condition of his
firm in respect to its indebtedness. ·

*Appeal from Second Judicial District, Silver Bow County.*

Replevin to recover possession of a stock of merchandise
alleged to have been obtained by false representations.    The
cause was tried before Speer, J., who rendered judgment for
the plaintiff.    Affirmed.

Statement of the case by the justice delivering the opinion.

Respondent was a business house in Chicago.    Defendant
James R. Boyce, Jr., was conducting a mercantile business in
the city of Butte, Mont., under the firm name of James R.
Boyce, Jr., & Co.    Appellant John E. Lloyd was sheriff of
Silver Bow county.    The First National Bank of Butte was a
banking institution in the same city.    Respondent sold goods
to James R. Boyce, Jr., & Co.    Afterwards James R. Boyce,
Jr., & Co. assigned to the First National Bank.    For some
reason, not here necessary to discuss, this assignment was
withdrawn, and the bank brought suit against said Boyce, Jr.,
& Co. on a $60,000 note, and the sheriff, Lloyd, attached the

stock of goods of Boyce, Jr., & Co. in said action.   The respondent brought this action of replevin against Boyce, Jr., & Co., the bank, and the sheriff, demanding the goods, on the ground that Boyce had obtained the same from respondent by false representations as to his credit and financial standing.

The alleged false representations were that Boyce, as James R. Boyce, Jr., & Co., gave to commercial agents a statement of his financial standing, and omitted from that statement the fact that the firm of James R. Boyce, Jr., & Co. owed the First National Bank the $60,000, upon which indebtedness the bank, as above stated, afterwards brought their suit.

The case was tried to the court without a jury.   The decision and judgment were in favor of the plaintiff.   Defendants Lloyd and the bank moved for a new trial.   This was denied.   From this order said defendants appeal.

*Forbis & Forbis,* for Appellant.

*Corbett & Wellcome,* for Respondent.

Misrepresentations on the part of the purchaser of goods on credit of his financial standing, whereby the vendor is induced to part with his goods, is such fraud as will entitle the vendor upon discovery of the fraudulent acts to rescind contract of sale and recover the goods.   (*Hoffman* v. *Noble,* 39 Am. Dec. 711; *Rowley* v. *Bigelow,* 23 Am. Dec. 607; *Thurston* v. *Blanchard,* 33 Am. Dec. 700; *Knowles* v. *Lord,* 34 Am. Dec. 525; *Scott* v. *Simmons,* 34 How. Pr. 66; *Schweitzer* v. *Tracy,* 76 Ill. 345; *Gregory* v. *Schoenell,* 55 Ind. 101; *Connorsville* v. *Wadleigh,* 41 Am. Dec. 214; 21 Am. & Eng. Ency. of Law, 50; *Hodgton* v. *Hubbard,* 18 Vt. 504; *Bell* v. *Ellis,* 33 Cal. 620; Benjamin on Sales, 6 Ed. § 451.)   The concealment of some fact, the knowledge of which would have induced the vendor not to part with his goods, is such a fraud on the part of the vendee as, when discovered, will entitle the vendor to rescind the contract of sale.   (21 Am. & Eng. Ency. of Law, page 51, and authorities cited.)   Where a merchant makes a report to a commercial agency of material facts as to

his financial condition, knowing them to be false, for the purpose of obtaining a standing thereby, one to whom the agency communicates the report, and who by reason thereof and believing it to be true, sells goods to the merchant on credit, may rescind the sale upon the discovery of fraud.   *Hinchman* v. *Wicks*, 48 N. W. 790; *Mooney* v. *Davis*, 75 Mich.; *Gainsville National Bank* v. *Bamburger*, 77 Tex. 48.)

DE WITT, J.—There was some attempt to contend, on the part of the appellants, that the evidence did not show that Boyce made the statements relied upon, to the commercial agencies.   We are satisfied that the evidence established that he did make these statements.   The statements were in the reports of the commercial agencies.   They were made for the purpose of forming a basis for credit.   They omitted to mention the note of $60,000 of Boyce, Jr., & Co. to the bank. Boyce, as a witness, made some evasive statements as to his having given the information to the commercial agencies, but in a letter which he wrote to respondent, in the name of James R. Boyce, Jr., & Co., he referred respondent to the reports of the commercial agencies, and said that they were the reports of the firm.   It is also perfectly clear that respondent relied upon these statements in selling Boyce the goods.

We are of opinion that it is also clear from the evidence that Boyce, in his statements to the commercial agencies, knowingly gave them the false reports.

Boyce was a witness on the trial.   He does not deny that the firm of James R. Boyce, Jr., & Co. owed the First National Bank $60,000, on a note, at the time when he made the reports to the commercial agencies.   He did not include this amount in his report, although he states in his testimony that he "didn't owe the bank anything.   The firm owed them, I didn't.   The firm owed at the bank, at that time, sixty thousand dollars; in the general neighborhood of sixty thousand dollars."   He gives as a reason for not reporting this $60,000 debt that this note was to the First National Bank, and that

A. J. Davis was president of that bank, and that this $60,000 note represented an interest which A. J. Davis had, as a partner, in the business of James R. Boyce, Jr., & Co., and that Davis, owning the bank, was to protect that note.

It is worth noting, perhaps, however, that in the commercial reports A. J. Davis is not reported as a partner since the year 1888, and these goods were sold, and the last representations were made, in 1890. We do not understand that it made any difference whether Davis was a partner or not. The firm owed the bank this $60,000. The bank could enforce that claim at any time, by suit, and did enforce it, and closed out Mr. Boyce's whole business. Even if it were true that Davis was a partner, the partnership owed $60,000, which fact the partnership, if there were any, through Mr. Boyce, as one of the partners, concealed in its report to the commercial agencies. It is shown that Davis was a multimillionaire. If he were a partner with Boyce, and if Boyce had reported that fact with the debt, it certainly would have raised the credit of the firm of Boyce, Jr., & Co. But, even if it were true that Davis was a partner, the firm, through Boyce, made a misrepresentation of fact, which Boyce knew to be false, and which statement respondent relied upon in selling the goods. We are of opinion that the evidence as to the false representations is sufficient to sustain the decision of the district court.

It is also contended by appellants that the court admitted in evidence some commercial reports which were too remote from the date of selling the goods. But they were introduced for the purpose of showing that this $60,000 indebtedness had always been omitted by Boyce in his statements, and that in the later reports he had stated that there was no change in the financial condition of the firm in this respect. The admission of these old reports was confined to this object, and therein we think there was no error.

There is no substantial contention between the parties as to the law in the case, and we are of opinion that the facts fully sustain the decision. The order denying the new trial is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.