## WILLIAM SIM

*v.*

## THOMAS PYLE.

PROMISSORY NOTE—*fraud in execution of—ordinary care on part of maker a question for the jury.* In a suit by the assignee of a promissory note indorsed to him before maturity, where the proof shows that the maker of the note was craftily induced to sign it by representations made to him that it was a document of an entirely different character, and that he, being an unlettered man and an imperfect reader, trusted another man to read the paper to him, and relied upon his representations as to the contents thereof, if it appears that the question, whether, under these circumstances, the defendant was guilty of a want of ordinary care, was fairly submitted to the jury, their finding will not be disturbed.

APPEAL from the Circuit Court of Stark county; the Hon. J. W. COCHRAN, Judge, presiding.

Messrs. SOMERS & WRIGHT, for the appellant.

Mr. MILES A. FULLER, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action upon a promissory note, given by Pyle to Fenner & Co., and by them indorsed to Sim before maturity. The verdict and judgment were for defendant, Pyle.

Appellant assigns for error, the giving of certain instructions for appellee, and the refusal of the court to grant a new trial. The preponderance of the proof shows that Pyle was craftily induced to sign his name to the paper, which turns out to be a promissory note, by representations made to him that it was a document of an entirely different character, and Pyle, being an unlettered man, and an imperfect reader, trusted another man to read the paper to him, and relied upon his representations as to the contents thereof.

The question whether, under the circumstances, the defendant was guilty of a want of ordinary care, was fairly submitted to the jury.

The proof fully supports the verdict. Exception is taken to the 3d and 4th instructions. Their phraseology is, perhaps, justly subject to criticism, but, in view of the evidence in the case, we think there is no material error in them, and no injustice has been done to appellant.

The judgment is affirmed.

*Judgment affirmed.*