## LINDAUER BROS. & CO. v. HAY ET AL.

1. **Fraudulent intent in purchase of goods:** EVIDENCE OF. Where defendant was aware of his insolvency, and yet permitted a false statement of his condition to remain upon the record of a mercantile agency, intended to give him credit, and under these circumstances purchased the goods in question, and three days after receiving them made an assignment, *held* that evidence of these facts warranted the jury in finding his fraudulent intent not to pay for the goods.

2. **Practice:** INSTRUCTIONS: REPETITION NOT REQUIRED. Where a rule of law has been clearly stated in an instruction given, it is not error to refuse to give an instruction asked which only states the same rule in other language.

3. **New Trial:** NEWLY DISCOVERED EVIDENCE: WANT OF DILIGENCE. Where a new trial was asked on the ground of newly discovered evidence, it was properly overruled, where it appeared that the moving party had not exercised proper diligence to discover the evidence in time for the first trial. Code, § 2837.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, OCTOBER 17.

ACTION of replevin to recover specific goods and merchandise. Upon a verdict for plaintiff, a judgment was rendered, and defendants appeal. The facts of the case appear in the opinion.

*J. L. Husted* and *C. W. Mullen,* for appellants.

*H. Boies,* for appellees.

BECK, J.—I.   The petition of plaintiffs is in two counts. The first alleges that, on the 27th day of July, 1881, defendant Hay, being in the business of selling clothing at Waterloo, ordered the goods replived, which belong to that line of trade, from plaintiffs who were doing business at Chicago. On the 29th of the same month, the order was accepted and filled, and the goods were shipped, and were received by Hay at Waterloo on the 5th of the following month. Before accepting the order, plaintiffs sought information of Hay's financial responsibility from a commercial agency, to whom Hay had made a statement for the purpose of its being used to advise those of whom he made purchases of his true condition. Plaintiffs were advised by the agency of the substances of Hay's statement, which showed him to be solvent, and worth, above his debts, more than $19,000. The statement was made by Hay, January 17, 1880, and no other one was subsequently made to the agency. Upon the faith of the report so made by the commercial agency, plaintiffs sold Hay the goods. Plaintiffs allege, in substance, that at the time the goods were ordered and delivered, Hay was insolvent, and had knowledge of his condition as it stood upon the books of the commercial agency, and that plaintiffs would seek imformation thereof from that source, and that, when he purchased the goods, Hay intended to defraud plaint-

iffs, and intended not to pay them for the goods, and concealed from plaintiffs his true financial condition. On the 8th day of August, 1881, Hay made a general assignment of his property for the benefit of his creditors, to defendant, Conger, under which he took and holds possession of the goods. It is alleged that plaintiffs, upon the discovery of the fraud of Hay, rescinded the contract of sale, and notified both defendants thereof, and demanded the return of the goods. The second count of the petition alleges, in addition to averments of the sale and delivery of the goods, the assignment to Conger, and the rescission of the sale, and the demand for the return of the property, and that Hay ordered and received the goods with the fraudulent purpose of not paying for them, and, in order to accomplish such purpose, fraudulently concealed his insolvency from plaintiffs, of all which plaintiffs at the time had no knowledge or information. The action was commenced August 8, 1881. The defendants, answering the petition, admit the sale and delivery of the goods, the assignment to Conger, and the demand for the return by plaintiffs, but deny all allegations of fraud and concealment, upon which plaintiffs base their claims of right to rescind the contract of sale.

II. At the close of plaintiff's evidence, the defendant asked the court to withdraw the case from the jury and direct a verdict for defendants, upon the grounds: first, that there was no evidence tending to prove that Hay's statement made to the commercial agency was, when made, false, or that it was made with a fraudulent intent, in order to obtain credit to which he was not entitled; second, that there is no evidence to prove that Hay, when he purchased the goods, did not intend to pay for them. The motion was overruled, and the decision of the court is the ground of defendant's first complaint. The first ground of the motion is directed against evidence applicable to the first count of the petition. We are inclined to the opinion that it is not well taken. From a statement made by Hay as to his losses and business, reaching

to a time anterior to the date of his statement, the jury could well have found that, when it was made, he was insolvent. But if there be doubt upon this point, there can be none that there is evidence supporting the verdict upon the issues presented by the second count of the petition, which we will now proceed to show.

III. The defendants insist that there was no evidence tending to show Hay's intention not to pay for the goods entertained when he purchased and received them.

1. FRAUDU-LENT intent in the purchase of goods: evidence of.

We are clearly of the opinion that there was such evidence submitted to the jury. Fraudulent intentions can rarely be proved by direct evidence, as expressions of the mind, or declarations of the purpose. They are usually established by circumstances from which they may be inferred. Upon a similar question arising in a case somewhat like the one at bar, this court uses the following language: "The fact that the intention of the vendee, the virus which poisons the act, rests in his own breast, will not defeat the remedy which the law provides against the fraud. It may be shown by proof of its manifestations. These are usually the acts done by the wrong doer, and the circumstances surrounding him and the transaction." *Oswego Starch Factory v. Lendrum*, 57 Iowa, 573, (583). In the case at bar, Hay was insolvent when he ordered and received the goods, and had been for some time; he permitted a false statement of his condition to remain upon the record of the mercantile agency, intended to give him credit; he was aware of his insolvency, as shown by his own statement of his losses and business; he knew that he had not the financial ability to pay for the goods, and made the assignment within three days after he received them. From these facts, the jury were authorized to infer and find his fraudulent intent not to pay for the goods.

IV. It is urged that the second count of the petition fails to allege Hay's fraudulent intent not to pay for the goods, and his concealment of such intention. But the count does

contain an averment of such intent, and no objection was raised in the court below, either by demurrer to the petition, or by instruction to the jury, or in any other manner, based upon this ground now urged by defendants. The objection cannot be first raised in this court. There was evidence sufficient to authorize the jury to infer that Hay did conceal his fraudulent purpose not to pay for the goods.

V.   The defendants asked the court to give an instruction that contained a direction to the jury in the following language: "It is not essential to the good faith of the transaction that he (Hay) should have a reasonable expectation of being able to pay his indebtedness. It is enough if he intends to pay for the goods he thus buys." It is insisted that these instructions convey the thought that to sustain the sale it was not necessary to show that Hay should have a reasonable expectation of paying all his debts; that if he intended to pay plaintiffs, the sale would be valid without regard to his ability, expectation and intention as to his other indebtedness. It is unnecessary to inquire whether the instruction is correct, giving it the construction insisted upon by defendants, (which, to say the least of it, is doubtful), for the reason that the same thought is expressed quite as directly and intelligibly, if not more so, in the seventh and eighth instructions given by the court. In the seventh instruction, the jury are informed in substance that plaintiffs cannot recover unless they find from the evidence that Hay did not intend to pay for the goods involved in the suit. And the eighth instruction declares that, to constitute the fraudulent intent which would defeat the sale, it must be shown that Hay did not intend to pay for the goods in question.

*2. PRACTICE: instructions: repetition not required.*

VI.   The defendant asked the court to instruct the jury that "if no inquiries are made, the purchaser of goods is not bound to disclose his pecuniary condition, either at or before the sale, although he is insolvent and knows himself to be insolvent." The instruction was refused,

*THE SAME.*

and this ruling is now complained of by defendants. The thought of this instruction is conveyed in the ninth instruction given. It was not necessary to repeat it in the form in which it was presented by defendants.

VII. The defendants based a motion for a new trial upon evidence discovered after the verdict. This evidence is of a

3. NEW trial: newly discovered evidence: want of diligence.
witness who had been employed by Hay in connection with auction sales, and is to the effect that the proceeds of such sales were remitted to Hay's creditors. Without enquiring whether the evidence is material and ought to lead to a different result in a new trial, it is sufficient to say that defendants fail to show diligence for the discovery of the evidence before or during the trial, required by Code, § 2837. It is admitted that the witness who defendants claim would testify to the facts stated was during the trial, and for weeks before, associated and employed with Hay in a store in Waterloo, where the case was tried, and was in Waterloo during the trial. Hay was a witness at the trial, and seems to have given all the evidence required of him as to the condition of his business and indebtedness. If the newly discovered evidence had been thought important, the defendant could only have omitted inquiring of Hay and the witness through negligence. The motion for a new trial was properly overruled. The foregoing discussion disposes of all questions raised by defendant's counsel. The judgment of the circuit court is

AFFIRMED.