Halliwell Cement Co. v. Stewart.

HALLIWELL CEMENT COMPANY, Appellant, v.
JAMES A. STEWART, Respondent.

**Kansas City Court of Appeals, November 23, 1903.**

1. **SALES: Pleading: Deceit: Evidence.** Where an action or counterclaim sounds in deceit, it must be shown that representations were made intending that they should be acted upon, and that they were false and so known by the party making them but not by the party to whom made, and that the latter relied and acted thereon.

2. ——: ——: ——: Warranty: Instructions. Where a counterclaim set up false representations, the instructions should not allow the defendant to recoup damages for a breach of warranty, since breach of warranty should be pleaded if relied on.

3. ——: Warranty: Deceit. If an article like cement is sold and warranted to be fit for a certain purpose when it is not, the vendor is liable without regard to whether representations were fraudulent, and if the vendor sells for a particular purpose for the ordinary price, there is an implied warranty of fitness for the purpose.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,*
Judge.

REVERSED AND REMANDED.

*L. E. Durham* and *Porterfield, Sawyer & Conrad*
for appellant.

(1) Defendant's counterclaim is an action for damages for fraudulent representations. He alleges (a) certain representations made by plaintiff, (b) that they were false, (c) that plaintiff knew at the time he made them that said representations were false, (d) that he made them for the purpose of inducing plaintiff to buy a worthless cement and (e) that defendant relied upon

said representations and bought the cement to his damage. These are the elements in an action for damages for fraudulent representations. Bank v. Byers, 139 Mo. 652; Owens v. Rector, 44 Mo. 389; McBeth v. Craddock, 28 Mo. App. 380; Nauman v. Oberle, 90 Mo. App. 666. (2) The instruction is erroneous in that it fails to require the jury to find that plaintiff's president, when he made the said representations knew they were false, and that he made the said representations for the purpose of cheating and defrauding the defendant. These two elements being absent from the instruction it failed to declare the law. Jolliffe v. Collins, 21 Mo. 338; Peers v. Davis' Admrs., 29 Mo. 184; Owens v. Rector, 44 Mo. 389; Dulaney v. Rogers, 64 Mo. 204; Tootle v. Lysaght, 65 Mo. App. 139; Nauman v. Oberle, 90 Mo. 669. (3) Innocent representations made by one party to another, and acted upon by the other to his damage, can not be the subject of damages. Walsh v. Morse, 80 Mo. 568; Anderson v. McPike, 86 Mo. 300; Redpath Bros. v. Lawrence, 42 Mo. App. 111. (4) There can be no recovery in an action for fraudulent representations upon the findings only, (a) that the representations were made, (b) that they were false, (c) that the party to whom they were made relied, and acted, upon them. Parker v. Marquis, 64 Mo. 42; Green v. Worman, 83 Mo. App, 574, and the authorities cited last above. (5) "A litigant has a right to an instruction, placing before the jury in plain and direct terms, every legal phase of his case, which is justified by the evidence." Cahn v. Reid, 18 Mo. App. 131; Owens v. Rector, 44 Mo. 389; Mfg. Co. v. Mfg. Co., 42 Mo. App. 314, 315; Ridens v. Ridens, 29 Mo. 470. (6) "In order to make a representation a ground for an action of deceit or fraud, it must be shown that the representation was known to be false, and that it was made with an intent to deceive." Peers v. Davis' Admr's., 29 Mo. 189; Brookings v. Shinn, 25 Mo. App. 281.

*Fyke Bros., Snider & Richardson* for respondent.

(1) "The tendency of all modern cases is to enlarge the responsibility of the seller, and frequently to imply a warranty from acts and circumstances whenever relied upon by the buyer." Smithers v. Bircher, 2 Mo. App. 499; Hitchcock v. Baughan, 44 Mo. App. 42. (2) The facts alleged in the answer in legal effect pleads warranty by appellant that the cement was suitable for building sidewalks, and whether such warranty was express or implied is immaterial. Long Bros. v. Armsby Co., 43 Mo. App. 253; Biddle on Warranty in Sale of Chattel, secs. 283-291. (3) Any distinct assertion or affirmation of quality made by the owner assuring the negotiation for the sale of a chattel, which it may be supposed was intended to cause the sale, and was operative in causing it, will be regarded either as implying or constituting a warranty. If such affirmation were made in good faith, it is still a warranty; and if made with a knowledge of its falsity, it is a warranty, and it is also a fraud. Carter v. Block, 46 Mo. 384; Joplin Water Co. v. Bathe, 41 Mo. App. 285.

ELLISON, J.—This is an action on a promissory note for balance due thereon. The note and balance claimed as unpaid were not denied by defendant. But he set up in his answer a counterclaim for damages by reason of plaintiff's fraud and deceit, alleging that the note was given for purchase of cement which was to be used in the construction of sidewalks for Kansas City, Missouri. That plaintiff in order to induce defendant to buy the cement, falsely and fraudulently represented to him that the cement was a good cement and fit for construction of sidewalks well knowing that it was not fit and that it would not pass inspection of the city inspector. That he relied upon such fraudulent represensations as being true and believed they were true. That in truth they were not true and that the cement

was wholly unfit and unsuitable, and that the sidewalk constructed therewith was rejected and he was compelled to take up and remove it, at a cost of $368; "so that defendant says by reason of the acts and representations of the plaintiff aforesaid, he has sustained damages in the sum of $647.60," for which he demanded judgment.

Defendant's counterclaim is a claim for damages based on fraudulent and false representations. In such case it is necessary to prove, among other things, that the representations were made intending that they should be acted on, that they were false and known to be false by the party making them and not known to be by the other party, but relied upon by him and acted upon on the faith of their being true. Bank v. Byers, 139 Mo. 652; Nauman v. Oberle, 90 Mo. 666. But the trial court refused instruction number six for plaintiff wherein it was declared that defendant must prove that the representations were false and fraudulent and that defendant knew it. Furthermore, the court, over the protest of plaintiff, gave for defendant an instruction on his counterclaim which almost wholly omitted the necessary elements which go to make up a case for damages on fraudulent representations.

The truth is, the answer seems to have been lost sight of when it came to acting on the instructions, and as finally formulated and given to the jury they present a case for damages by reason of a breach of warranty merely; and so the case is briefed by defendant in this court. But that can not be allowed in the face of the answer and the range of the evidence given under its allegations. If defendant relies upon a warranty and its breach, he should plead it, and may do so by amendment.

If plaintiff sold him the cement and warranted it to be fit for a certain purpose, when it was not, he is liable, regardless of whether he made fraudulent representations. So if he sold the cement to defendant for a particular purpose, for the ordinary price, there was an

implied warranty that it was fit for that purpose. Brewing Co. v. McEnroe, 80 Mo. App. 429.

Instruction number five for plaintiff was faulty in the latter half. "Did believe," should be substituted for "had good reason to believe." Number six could well have added therein the additional condition that defendant relied upon the representations. Number seven should be amended so as to read, "mere expressions of opinon honestly entertained and made in good faith."

In case the character of the counterclaim is changed to a claim on warranty, the instructions must then, of course, conform to that theory.

The judgment is reversed and cause remanded. All concur.