## C. C. WOODS, Respondent, v. E. T. LETTON et al., Appellants.

### Kansas City Court of Appeals, March 6, 1905.

DECEIT: **Pleading: Instructions.** A petition charged that certain false representations were made with the intent to mislead and defraud plaintiff. The instruction omitted to submit to the jury whether the representations made by defendants were known by them to be false and intending that plaintiff should act upon them, and that plaintiff did not know they were false but relied upon their being true. *Held,* error.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED AND REMANDED.

*M. T. January* for appellants.

(1) In an action for damages based on fraudulent representations in the sale of a chattel, the scienter is the gist of the action and plaintiff cannot recover without proving it. Remedy Co. v. White, 90 Mo. App. 498; Fenwick v. Bowling, 50 Mo. App. 516; Bank v. Buyers, 139 Mo. 627; Cement Co. v. Stewart, 103 Mo. App. 182. (2) If this court holds with appellants that the scienter is the gist of this action, thus it must follow that the instructions given by the trial court are erroneous in that they all ignore that proposition.

*Francisco & Clark,* for respondent, filed no brief.

ELLISON, J.—This action is for damages alleged to have been occasioned by reason of defendants' false and fraudulent representations in the sale of two horses to plaintiff. The petition charged that the representations were made with intent to mislead and defraud the plaintiff. The judgment in the trial court was for the plaintiff.

The court gave instructions, at plaintiff's instance, which omitted to submit to the jury whether the representations made by defendants were known by them to be false and intending that plaintiff should act upon them, and that plaintiff did not know they were false, but relied upon their being true. The defendants offered on their part and the court refused an instruction making it necessary for plaintiff to establish those propositions before he could recover. In this action upon the instructions error was committed. The case falls under and is controlled by that of Halliwell Cement Co. v. Stewart, 103 Mo. App. 182.

The judgment is reversed and the cause remanded. All concur.