BIRCH TREE STATE BANK, Appellant, v. T. H. DOWLER, Respondent.

Springfield Court of Appeals, December 4, 1912.

1. FRAUD: False Representations: Inducement to Contract: Instructions: Bills and Notes. In an action upon a promissory note of which appellant claimed to be an innocent purchaser and which respondent claims was obtained from him through false representations, an instruction given on behalf of the respondent is condemned because it left out of consideration entirely the question of whether the alleged representation was material or injurious and also because there was no testimony tending to show that the misrepresentations described in the instruction had been made nor that the defendant had relied upon the representations that were made and was induced to enter into the contract because thereof.

2. ———: ———: ———: Contracts: Materiality of Representation. The law is well settled that where it is sought to annul an instrument, the execution of which was obtained by false and fraudulent representations or where it is sought to recover damages for such representations, it must be shown that the representations were as to a material fact and that they contributed to the injury.

Bank v. Dowler.

3. ———: ———: ———. In order to make a misrepresentation fraudulent, it must be one upon which the complaining party relied and by which he was actually misled to his injury.

4. ———: ———: ———: **Evidence: Circumstances.** Where a party is seeking to avoid a contract on the grounds that he was induced to make it because of the misrepresentations of the other party, it is not necessary that the complaining party testify directly that he was influenced by and made the contract relying on the representations; as such fact may be established by other facts and circumstances in the case.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED.

*Lew R. Thomason* and *L. B. Shuck* for appellant.

(1) Fraud must be proved, it may not stand upon a fog of suspicion or be based upon mere presumption. Kilpatrick v. Wiley, 197 Mo. 123; Lomak v. Railroad, 119 Mo. App. 192. (2) In order to hold one liable for fraud for misrepresentations it is indispensable to prove the making of the misrepresentations and that they were false and either known by the party making them to be false, or so made as to imply that the maker knew it to be true, and that it was fraudulently made for the purpose of inducing the complaining party to act upon such representations. Webb v. Rockefeller, 195 Mo. 74. (3) A representation to form the ground of fraud, must be of a fact existing at the time, if the party acts upon the mere impression of an opinion, he cannot complain. Britzfelder v. Waddle, 122 Mo. App. 462; Brown v. Mining Co., 194 Mo. 681. (4) There is absolutely no evidence in this cause that Howell county had been canvassed or that Mound City kitchen safes had ever been sold therein, and the giving of instruction No. 1 was error. Chambers v. Railroad, 111 Mo. App. 609; American Storage Co. v. Transit Co., 120 Mo. App. 410; Houck v. Railroad, 116 Mo. App. 559. (5) The jury should have been re-

quired to find that Hurt with the intention to deceive made certain representations to defendant.    Before fraud and deceit can be established in any way and made the ground of recovery or defense a guilty *scienter* must be shown.    Snyder v. Stemmons, 151 Mo. App. 156; Woods v. Letton, 111 Mo. App. 51.

*Green & Wayland* and *Orchard & Cunningham* for respondent.

(1) If a maker of a promissory note introduces evidence tending to prove the note was procured by fraud, the burden then devolves on the plaintiff to show that he is a bona fide holder for value.    Hahn v. Bradley, 92 Mo App. 404.    Bank v. Hammond, 104 Mo. App. 409, 124 Mo. App. 180.    (2) Where the evidence shows that the purchaser of notes had sufficient notice to put him on his guard as to the fraudulent scheme under which they were procured from the maker, and was therefore duly warned not to give and aid directly or indirectly to swindle, the jury was justified in the case in finding the bank was not an innocent purchaser.    Bank v. Hanks, 142 Mo. App. 119; Bank v. Romine, 136 Mo. App. 57; 154 Mo. App. 650.    (3) So this court well said:  "The law has shown its consideration for the honest purchaser of negotiable paper and surrounded bona fide purchasers with every reasonable safeguard, but the legal maxim '*caveat emptor,*' applies as well to the purchase of negotiable paper as to the purchaser of any other species of property."    Bank v. Hanks, 142 Mo. App. 119; Bank v. Tuttle, 144 Mo. App. 302.    (4) Plaintiff insists the evidence is insufficient to maintain a verdict.    The St. Louis Court of Appeals says through GOODE, J.: "Most of the Missouri adjudications on the point hold that where an issue of fact in controverted and oral testimony must be relied on as proof of the truth, though the testimony given on one side of the issue is uncon-

tradicted, the jury has the right to find against it; subject, of course to the power of the trial court to grant a new trial." Bank v. Hammond, 124 Mo. App. 180; Schroeder v. Railroad, 108 Mo. 326; Seehorn v. Bank, 148 Mo. 265.

GRAY, J.—This was an action by the plaintiff, Birch Tree State Bank, a corporation, against the defendant, upon his negotiable promissory note which was drawn in the usual form for the payment of the sum of $225. The note was originally executed by defendant T. H. Dowler to W. H. Hurt for 112½ kitchen cabinets. The note was subsequently assigned for value to the Birch Tree State Bank, and not being honored when it became due, the present suit was brought by the assignee.

The note was executed under the following circumstances: W. H. Hurt was the agent for the Mound City kitchen cabinets, and sold to the defendant, as we have stated, 112½ of these cabinets for which the defendant was to pay him twelve dollars each, upon the following terms: Four dollars was to be paid by note for each of the cabinets and the balance of the purchase price, eight dollars, for each of the cabinets f. o. b. St. Louis, was to be paid when they were ordered and the defendant was to have the option of ordering as many of the cabinets as he chose upon payment of this additional eight dollars; but by the contract of the parties the sale was restricted to Howell county and all sales were to be made within one year from the date of the contract. Under the agreement the defendant executed to W. H. Hurt these two promissory notes, each for $225. Subsequently, the defendant ordered under his contract four of these kitchen cabinets which he sold. He thereafter sent an order for more cabinets, but for some reason the order was not delivered, but returned.

Owing to the condition of the record in this case, we do not feel justified in passing on all the issues that are really presented by the evidence. While both parties have filed what they style "abstract of the record," the pleadings are not set out in either. In the appellant's abstract, it is said: "Petition of the plain in the usual form; action on the following promissory note." As to what is contained in the answer, only the following appears in the abstract: "The answer admits the execution of the note, pleads in defense of plaintiff's action, failure of consideration, and fraud in the procurement of the note by the payee, and a knowledge of said fraud by the plaintiff." But there is enough in the record, however, properly preserved by appellant, to convince us that appellant's complaint against respondent's instruction No. 1, is meritorious.

The defendant testified that prior to the time he gave the note sued on, he inquired of the payee if he had ever sold kitchen cabinets in Howell county, and that the payee said he had not, and that he had never been west of the Mississippi river. The evidence shows that in 1901, the payee had canvassed a part of Howell county with a similar but cheaper cabinet, and had sold about sixty-five in the county.

The defendant gave the following testimony: "Q. Did you try to sell these kitchen cabinets in Howell county? A. Yes; but I found they had sold something up there about the same. Q. And you tried to sell these kitchen cabinets there? A. Yes, sir. Q. Why couldn't you sell them? A. They said that was more than they were worth."

Defendant's instruction No. 1 reads: "The court instructs the jury, that if you find and believe from the evidence, that W. H. Hurt sold kitchen cabinets to the defendant, T. H. Dowler, and gave him the exclusive right to sell such kitchen cabinets in Howell county, Missouri, for one year or less, and falsely and fraudulently represented to him that Howell county

had never been worked, and that the defendant relying on said representations gave his two notes to W. H. Hurt for $225 each, and that he, the defendant, relied on said representations made by Hurt, and that said county had been worked by Hurt and others, or by Hurt alone in the sale of such kitchen cabinet, then such representations would be false; and if you find that said false and fraudulent representations were made as above stated, then and in such event before the plaintiff would be entitled to recover it must show by a greater weight of the evidence the following facts: 1st: That it is the bona fide owner of the note in suit. 2d: That it purchased said note for value before maturity. 3d: That it had no knowledge of any fraud perpetrated by W. H. Hurt, as an inducement to the defendant to sign said note.''

There was not a word of testimony that the kitchen cabinet had ever been sold in Howell county. As we have stated, there was testimony that several years before a cheaper, but somewhat similar cabinet had been sold in West Plains, Howell county, but there was no testimony that the cabinet defendant had purchased had ever been sold in that county.

The instruction is highly prejudicial under the testimony for another reason. By it the jurors were told that if Hurt falsely and fraudulently represented to defendant that Howell county had not been canvassed, and that the defendant, relying on said representation, gave his notes, and that said county had been worked by Hurt and others, then such representations would be false, etc. This instruction declares as a matter of law, that such a representation is actionable, and leaves out of consideration entirely, the question whether it was material or injurious.

The law is well settled that where it is sought to annul an instrument, the execution of which was obtained by false and fraudulent representations, or where it is sought to recover damages for such repre-

sentations, it must be shown that the representations were as to a material fact, and that they contributed to injury. [Brownlee v. Hewitt, 1 Mo. App. 360; Smith v. Dye, 88 Mo. 581; Feller v. McKillip, 100 Mo. App. 660, 75 S. W. 379; Thompson v. Newell, 118 Mo. App. 405, 94 S. W. 557; Champion Funding & F. Co. v. Heskett, 125 Mo. App. 516, 102 S. W. 1050.]

Since the case is to be retried, we call attention to the fact that the evidence does not show that the defendant relied on the statement of Hurt that Howell county had not been worked, and that he would not have entered into the contract had he known that fact. In order to make a misrepresentation fraudulent, it must be one upon which the complaining party relied, and by which he was actually misled to his injury, and in a legal sense, a person is not damaged by a false representation by which he is not influenced, and it is incumbent upon the party attempting to recover for fraud or deceit found upon false representations, to show that he was influenced by them, and in all cases, it is a fact which should be averred and must be maintained by evidence. [Wannell v. Kem et al., 57 Mo. 478; Noble v. Buddy et al., 142 S. W. 436; Bailey v. Smock, 61 Mo. 213; Webb v. Rockefeller, 195 Mo. l. c. 74, 93 S. W. 772; Sioux Banking Co. v. Kendall, 62 N. W. 377, and cases therein cited; Halliwell Cement Co. v. Stewart, 103 Mo. App. 182, 77 S. W. 124.]

It is not necessary for the complaining party to testify directly that he was influenced by and made the contract relying on the representation, as such fact may be established by other facts and circumstances in the case. [Chilson v. Houston, 84 N. W. 354.] In a case where a person was induced to trade for land, and the seller represented that the tract contained a certain number of acres which was false, it may well be said that when the complaining party has proved that there was a material difference between the num-

ber of acres represented and the number actually con-
tained in the tract, and that he paid a valuable con-
sideration for the property, that he has made a ques-
tion for the jury on the issue as to whether he relied
on the false statements concerning the number of
acres, and that proof of any shortage in the number
of acres would be proof of injury and damage by the
representation. But in this case, the misrepresenta-
tion was that Howell county had not been worked, and
the evidence shows that several years before a part
of the county had been canvassed for a similar, but
cheaper and inferior, article. From the proof of these
facts, alone, how can a court or jury say that the de-
fendant would not have entered into the contract had
Hurt told him that ten years before he had, in a part
of the county, sold an inferior and cheaper article.
In Bailey v. Smock, supra, it is said: ''The court
should be satisfied by the clearest evidence of the
fraudulent representations, and that they were made
under such circumstances as to show the contract was
founded upon them.'' The defendant did not testify
that he believed the statements of Hurt, or, that he was
induced by them to enter into the contract, and even
when he was asked why he could not sell the cabinets
in Howell county, he said that the persons to whom
he tried to sell, said the price was too high.

What we have said regarding the issues will de-
pend upon the allegations of the answer and reply
thereto. The judgment will be reversed and the cause
remanded. *Cox, J.,* concurs. *Nixon, P. J.*—Under the
evidence in this case, I am of the opinion that the
plaintiff's requested instruction, in the nature of a
directed verdict, should have been given by the trial
court.